IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARK R. McELFISH,

                    Plaintiff,

          v.                         CASE NO.  09-3147-SAC

ROGER WERHOLTZ,
et al.,

                    Defendants.

### MEMORANDUM AND ORDER

        This action was filed as a civil rights complaint pursuant to 42 U.S.C. § 1983, by an inmate of the Winfield Correctional Facility, Winfield, Kansas.  Named as defendants are Roger Werholtz, Secretary, Kansas Department of Corrections (KDOC); Deane Donley, "KDOC Reception Unit Director"; and Emalee Conover.  Mr. McElfish complains regarding his sentence credit and computation. Having examined the materials filed, the court finds as follows.


### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

        Plaintiff has filed a motion for leave to proceed without prepayment of fees (Doc. 2), but his motion is not complete.  He has not attached an Inmate Account Statement in support as statutorily mandated and as directed on the form application filed by him.  28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C.

§ 1915(a)(2). Plaintiff will be given time to submit this necessary documentation. If he does not provide the statement within the time prescribed by the court, this action may be dismissed without further notice.

## FACTUAL BACKGROUND

Plaintiff's allegations together with his attached exhibits indicate the following background facts. On August 15, 2007, Mr. McElfish was originally sentenced in Sedgwick County District Court, Wichita, Kansas, upon his conviction of possession of cocaine to 18 months in prison to run "consecutive to Johnson County cases." He apparently was then released on probation. On February 11, 2009, a revocation hearing was held, his probation was revoked, and he was ordered to serve his original sentence.

Plaintiff exhibits the "Journal Entry of Probation Violation Hearing" filed in Case Number 07CR132 on February 23, 2009. Therein, the Judge listed "Jail Credit Earned While on Probation for Current Crime" as totaling 554 days. However, the judge also noted: "If defendant has been granted credit for any of these in Johnson County Case Nos. 03CR3147, 04CR2662 and/or 05CR3327, he should not be granted duplicate credit in this case." Plaintiff alleges that when the journal entry of his probation violation sentence was filed with its award of 554 days jail-time credit, he had completed the three referenced prior cases.

Plaintiff states he has sent "numerous letters and grievances" to all defendants, but they "ignore" his pleas. However, plaintiff exhibits several administrative grievances filed by him and responses thereto, which show prison officials have not

2

ignored his claims but have considered them, and simply disagree with his calculations.

**CLAIMS AND REQUEST FOR RELIEF**

Plaintiff claims he is entitled to credit against his sentence imposed in Case No. 07-CR-132 for 554 days jail time, and that the KDOC has failed to apply this credit in calculating the sentence he is currently serving.  He further claims if his sentence were correctly calculated it has "long been completed" and his current detention is "without proper cause".  He complains that he is being kept locked away from those he loves, and is suffering "mental stress".  He asserts this amounts to cruel and unusual punishment in violation of the 8th Amendment and a denial of equal protection in violation of the 14th Amendment.  The court is asked to review plaintiff's sentencing documents and order that he receive 554 days jail credit toward service of his current sentence, to order his immediate release, and to award him $100 a day for each day he was "held without a proper prison sentence".

**SCREENING**

Because Mr. McElfish is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**HABEAS CORPUS NOT CIVIL RIGHTS CLAIMS**

In <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), which was also a civil rights complaint, the United States Supreme Court held:

> [W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

<u>Id</u>. at 500.  The Court in <u>Preiser</u> found it "clear" that "the result must be the same in the case of a state prisoner's challenge to the fact or duration of his confinement, based . . . upon the alleged unconstitutionality of state administrative action."  <u>Id</u>. at 489. They reasoned that "such a challenge is as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement and seeks either immediate release from that confinement or the shortening of its duration."  <u>Id</u>.  The Court has since reiterated its holding that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."  <u>See e.g.</u>, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 554 (1974); <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).

Mr. McElfish requests immediate release.  Consequently, under <u>Preiser</u> his claim must be litigated by petition for writ of habeas corpus.  <u>See</u> <u>Wolff</u>, 418 U.S. at 554-55, (citing <u>Preiser</u>, 411 U.S. at 499 FN14, 500); <u>Brown v. Smith</u>, 828 F.2d 1493, 1495 (10th Cir. 1987); <u>Duncan v. Gunter</u>, 15 F.3d 989, 991 (10th Cir. 1994)(Request for declaratory relief or injunction ordering an

inmate's immediate release may be sought only in a habeas corpus action after exhausting state remedies).  More specifically, a claim regarding computation of sentence credit should be raised in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, because it is an attack on the execution of a sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.  In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions'.")(quoting Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993)(other citations omitted)); see Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("A prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.").

**EXHAUSTION OF STATE REMEDIES REQUIRED**

Furthermore, before a habeas corpus claim may be considered in federal court, all remedies available in the courts of the state must have been properly and fully exhausted.  28 U.S.C. § 2254(b)(1)(A); Montez, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)); see also Williams v. O'Brien, 792 F.2d 986,

5

987 (10th Cir. 1986).  "The exhaustion of state remedies includes both administrative and state court remedies." <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (10th Cir. 2002).  Plaintiff does not allege that he has filed an action in the appropriate state district court seeking review of the challenged calculation of his sentence credit and that he appealed any unfavorable decision to the Kansas Court of Appeals and the Kansas Supreme Court.  If he has not followed all available steps to present his claim to the highest state court, he has not fully exhausted state court remedies.

**DAMAGES CLAIMS PREMATURE**

Finally, insofar as plaintiff's complaint seeks money damages based upon the alleged wrongful calculation of sentence credit, it is premature unless and until the administrative action has been overturned through the appropriate administrative or judicial process.  <u>See</u> <u>Heck</u>, 512 U.S. at 487; <u>Balisok</u>, 520 U.S. at 648.  Plaintiff obviously has not yet been successful in overturning the administrative decisions regarding his sentence credit.

**SHOW CAUSE ORDER**

Mr. McElfish will be given time to show cause why this action should not be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and dismissed, without prejudice, for failure to exhaust all available state remedies.  The only relief available in a habeas corpus action is immediate or speedier release.  Thus, plaintiff's claim for money damages is not properly

sought in a habeas corpus petition, and will be dismissed, without prejudice, on that basis.

If Mr. McElfish refuses to have this action construed as a habeas corpus petition rather than a civil rights complaint[1], he will be required to show cause why his claim for release should not be dismissed under <u>Preiser</u> and his claims for money damages should not be dismissed as premature under <u>Heck</u>.

If plaintiff fails to properly respond within the time allotted by the court, this action may be dismissed without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit a certified statement of his inmate account for the six months immediately preceding the filing of this action, as required by statute, to support his motion to proceed without prepayment of fees.  His failure to submit this document will result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must show cause why this action should not be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismissed, without prejudice, for failure to fully exhaust state court remedies.

**IT IS SO ORDERED**.

Dated this 4th day of September, 2009, at Topeka, Kansas.

---

[1]     Plaintiff is reminded that the filing fee for a civil rights complaint is $350.00, while for a habeas corpus petition it is $5.00.  Being granted leave to proceed without prepayment of the filing fee in a civil rights action does not relieve an inmate of the obligation to pay the full fee, but merely allows him to avoid paying the full fee in advance.  Instead, he may be required to pay a partial fee in advance, and then have payments automatically deducted from his inmate account until the $350.00 fee is paid in full.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge